UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BARBARA JEAN FORD,
            *Plaintiff-Appellant,*

v.

STUART O. SIMMS, Secretary,
Maryland Department of Public
Safety and Correctional Services;
MARYLAND DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL SERVICES;
STATE OF MARYLAND; GEORGE
KALOROUMAKIS, Assistant Warden,
Eastern Correctional Institution;
EDMUND O'LEARY, Division of
Corrections Internal Investigative
Unit Headquarters; DALE MCCLOUD,
Maryland Department of Public
Safety and Correctional Services;
LAURA RIEKEN DORSEY, Eastern
Correctional Institution; RALPH
LOGAN, Warden, Baltimore City
Detention Center,
            *Defendants-Appellees.*

PUBLIC JUSTICE CENTER,
INCORPORATED; WOMEN'S LAW
CENTER OF MARYLAND,
INCORPORATED,
            *Amici Curiae.*

No. 00-1649

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-99-3580-JFM)

Argued: April 4, 2001

Decided: December 14, 2001

Before WIDENER and NIEMEYER, Circuit Judges, and
Lacy H. THORNBURG, United States District Judge
for the Western District of North Carolina, sitting by designation.

---

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

**ARGUED:** Robin R. Cockey, COCKEY, BRENNAN &
MALONEY, Salisbury, Maryland, for Appellant. Scott Sheldon Oak-
ley, Assistant Attorney General, Department of Public Safety and
Correctional Services, Baltimore, Maryland, for Appellees. **ON
BRIEF:** Deborah A. Jeon, AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MARYLAND, Centreville, Maryland, for Appel-
lant. J. Joseph Curran, Jr., Attorney General of Maryland, Department
of Public Safety and Correctional Services, Baltimore, Maryland, for
Appellees. Gregg H. Levy, Susan L. Burke, Sara L. Gottovi, COV-
INGTON & BURLING, Washington, D.C., for Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

   This case requires us to decide whether Barbara Jean Ford failed
to state a claim in her complaint against the State of Maryland and

several of her former supervisors and co-workers at Eastern Correctional Institution in Westover, Maryland. Miss Ford brought various claims, including claims under Title VII, after her consensual sexual relationship with one of her supervisors ended and she was eventually fired. The district court dismissed all of Miss Ford's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. See *Ford v. Simms*, Civil No. JFM-99-3580 (D. Md. April 21, 2000). We have jurisdiction under 28 U.S.C. § 1291, and for the reasons stated below, we affirm in part, reverse in part, and remand.

As alleged in her complaint, Barbara Ford became employed as a prison guard at Maryland's Eastern Correctional Institution in 1987.* Shortly thereafter, she began a consensual sexual relationship with one of her supervisors, Ralph Logan, then a captain at the prison. During the course of the relationship, Miss Ford loaned money to Logan. In late 1991, Miss Ford ended both her sexual and her financial relationship with Logan, who had by then become the prison's warden.

Miss Ford was promoted to Sergeant in 1998. However, Logan extended Miss Ford's probationary status as a Sergeant. After Miss Ford challenged Logan's extension of her probationary status, though, his decision was reversed.

Miss Ford, nevertheless, persisted in her complaint with respect to sexual harassment and, as a result of the various differences she had with Logan and the prison administration, she was discharged on April 14, 1999. After she was fired, Miss Ford filed a complaint with the EEOC and was issued a right-to-sue letter on August 30, 1999.

The district court dismissed Miss Ford's complaint because the employment actions she challenged were not caused by her gender but by personal animosity stemming from her failed consensual sexual relationship with Warden Logan, following *Campbell v. Masten*, 955 F. Supp. 526 (D. Md. 1997); because she had alleged only interlocutory or immediate decisions which do not give rise to cognizable

---

*Our recitation of the facts of this case are those found in Miss Ford's complaint, which we accept as true for the purposes of this appeal. *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999).

claims under *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981); that claims for retaliatory discharge were not supported by allegation of facts establishing any causal connection between her termination of employment and her exercise of Title VII rights; that there was no claim of race-based discrimination under 42 U.S.C. § 1981; that she had identified no liberty or property interest of which she had been deprived and, therefore, had no due process claim; that the alleged facts were not sufficient to trigger a continuing violation; that claims arising before more than 300 days before the filing of the administrative claim were time-barred; that claims asserted under 42 U.S.C. § 1983 or the Maryland Constitution were time-barred, being more than three years old; that Title VII claims against the individual defendants were dismissed because they were not employers and not named in the EEOC charge; and that § 1983 claims might not be maintained against the State of Maryland or the individual defendants in their official capacities.

We have have examined the complaint and are of opinion the decision of the district court is without reversible error, with one exception.

Paragraph 23 of Miss Ford's complaint reads, in pertinent part, as follows:

> When, however, it became clear that Ms. Ford had no intention of renewing her relationship with Warden Logan, he, on a pretext, directed Ms. Ford's probationary status as a Sergeant be extended [to retaliate] against Ms. Ford . . . .

Thus, it is a fair reading of the facts alleged in the complaint that Logan sought to renew his sexual relationship with Miss Ford, was rebuffed, and took adverse actions against her because of it. We hold that such allegations state a claim under Title VII. See *Burlington Indus. v. Ellerth*, 524 U.S. 742, 753, 760 (1998) (recognizing claims as ones in which a plaintiff proves that her refusal to submit to a supervisors demands for sex resulted in a tangible employment action). Since paragraph 23 of the complaint states a Title VII cause of action, we are of opinion there are not sufficient facts shown in the complaint in order for it to have been dismissed at this stage. Other-

wise, we affirm the dismissal of the complaint for the reasons stated by the district court.

The judgment of the district court is thus affirmed in part and reversed in part, and the case is remanded for reconsideration of paragraph 23 of the complaint, including further factual development, should the district court be so advised.

*AFFIRMED IN PART, REVERSED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*